IN THE SUPREME COURT OF THE STATE OF DELAWARE

JERRY E. HENRY, §
§
    Defendant Below, § No. 293, 2022
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID Nos. 1201002933
§           1204003166 (S)
    Appellee. §

Submitted: August 30, 2022
Decided:   October 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

(1)    After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's decision, dated July 27, 2022, denying the appellant's motion for reargument of the Superior Court's July 7, 2022 decision, which denied the appellant's request for a certificate of eligibility to file a petition for sentence modification under 11 *Del. C.* § 4214(f). The appellant, Jerry E. Henry, does not satisfy the type-of-sentence requirement[1] because the sentencing

---

[1] *See Yelardy v. State*, 2022 WL 9632128, at *2 (Del. Oct. 14, 2022) (stating that to be eligible to petition for sentencing relief under § 4214(f), an inmate serving a sentence imposed under the pre-2016 habitual-offender statute "must meet both a type-of-sentence and the time-served requirement" (internal quotation omitted)).

judge exercised his discretion under the applicable version of 11 *Del. C.* § 4214(a) to sentence Henry to fifteen years of incarceration for his violation of 16 *Del. C.* § 4752(3) and not to a minimum-mandatory term.[2]

(2)    As the Superior Court correctly concluded, the version of Section 4214(a) that was in effect at the time of Henry's offense subjected him to a sentence ranging from two years to life imprisonment.[3]  The fifteen-year sentence is therefore not "a minimum sentence of not less than the statutory maximum penalty."[4]  The conclusion that the sentencing judge imposed the sentence in his discretion and not as a minimum-mandatory sentence is bolstered by the sentence order, which does not indicate that the sentence is a minimum-mandatory one; the sentencing transcript, which does not suggest that the parties or the court believed that a fifteen-year minimum-mandatory sentence applied and does confirm that the court and the parties understood that Henry was subject to a sentence of up to life in prison under

---

[2] *See Clark v. State*, 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("Because the sentencing judge exercised his discretion under § 4214(a) to sentence Clark to fifteen years of Level V incarceration instead of five years of Level V incarceration, Clark did not receive 'a minimum sentence of not less than the statutory maximum penalty for a violent felony.'" (quoting 11 *Del. C.* § 4214(a) (2017))).

[3] *See* 16 *Del. C.* 4752(3) (providing that possession of a controlled substance in a Tier 5 quantity was a class B felony) (effective Sept. 1, 2011, through Dec. 14, 2019); 11 *Del. C.* § 4205(b)(2) (establishing a sentencing range for a class B felony of "not less than 2 years up to 25 years to be served at Level V") (effective June 30, 2003, through present); 11 *Del. C.* § 4214(a) (providing that a court sentencing an eligible habitual offender "may[,] in its discretion, impose a sentence of up to life imprisonment" and that the sentence "shall not be less than the statutory maximum penalty" provided for the offense for which the person is being sentenced if that offense is a "Title 11 violent felony, as defined in § 4201(c) of this title") (effective Sept. 1, 2011, through May 31, 2012).

[4] 11 *Del. C.* § 4214(f) (effective July 11, 2018, through present).

Section 4214(a); and the truth-in-sentencing form, which indicates that the parties understood that the minimum-mandatory sentence was two years and that 16 *Del. C.* § 4752, as a class B felony, carried a statutory penalty range of two to twenty-five years.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

3